**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| ANDREW LONGO, JR., ) | Case No. 21-20909 (JJT) |
|     Debtor. ) | |
| ) | |
| ANDREW LONGO, JR., ) | |
|     Plaintiff, ) | Adv. Pro. Case No. 22-02012 (JJT) |
| ) | |
| v. ) | |
| ) | RE: ECF No. 10 |
| DISCOVER BANK, ) | |
|     Defendant. ) | |

### RULING ON PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT SEEKING DISCHARGE OF STUDENT LOANS

Before the Court is a Request for Default Judgment (ECF No. 10, the "Default Request") filed by the Debtor/Plaintiff, Andrew Longo, Jr. (the "Debtor"), who seeks to have the Court enter a default judgment on the Debtor's Complaint (ECF No. 1) against the sole Defendant, Discover Bank ("Discover"). The Complaint sets forth a single count for discharge of student loans under 11 U.S.C. § 523(a)(8) based on a claim of undue hardship. The Debtor's claim implicates the Second Circuit's *Brunner* test for discharge of student loans. *See Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). The Debtor alleges that the repayment of his private student loans, with an estimated balance of $128,000, would constitute an undue hardship. Compl. ¶¶ 1, 9. For the reasons set forth below, this Court finds that it must defer granting any default judgment until the Debtor amends his Complaint and makes a requisite evidentiary showing that he is entitled to the discharge of these loans.

On August 2, 2022, the Debtor served his Summons and Complaint against Discover (ECF No. 3) in this Adversary Proceeding by sending a copy via certified mail to Discover's main branch address. On September 9, 2022, after Discover failed to appear, plead, or otherwise defend the case, the Clerk filed an Entry of Default against Discover (ECF No. 8), which was also served on Discover at its main branch address. On September 12, 2022, the Debtor filed his Default Request asking the Court to enter a default judgment against Discover in accordance with Fed. R. Bankr. P. 7055(b)(2). On December 15, 2022, the Court held a status conference where Discover failed to appear again.[1] Discover remains absent, despite ostensibly proper service of the Complaint and Default Request. Notwithstanding the nonappearance of Discover, the Court has an independent gatekeeping responsibility to assess the merits of the Debtor's claim and adjudge the appropriateness of the relief requested in the Complaint.

Federal Rule of Civil Procedure 55(b), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7055, provides a two-step process for entry of judgment against a party who fails to defend: (1) entry of a default, which is performed by the clerk of court, and (2) entry of a judgment, which is entered by either the court or the clerk, depending on the circumstances. "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a). "The second step, entry of default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis*, 645 F.3d at 128.

---

[1] Notice of the status conference was also sent to Discover at its main branch address through the Court's Bankruptcy Noticing Center.

Once an entry of default has entered, there are two ways in which a default judgment may subsequently enter. First, under Rule 55(b)(1), upon request of the plaintiff, the clerk may enter a judgment by default when the claim is "for a sum certain or a sum that can be made by certain computation." Fed. R. Civ. P. 55(b). In all other cases, the party must apply to the court for a default judgment under Rule 55(b)(2), at which time:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate a judgment, it needs to:
>
> (A)  conduct an accounting;
> (B)  determine the amount of damages;
> (C)  establish the truth of any allegation by evidence; or
> (D)  investigate any other matter.

Fed. R. Civ. P. 55(b)(2); *see also Mickalis*, 645 F.3d at 129 ("A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations."); *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) ("The decision to grant a motion for default judgment is left to the sound discretion of the district court."); *Mens Sportswear, Inc. v. Sasson Jeans, Inc. (In re Men's Sportswear, Inc.)*, 834 F.2d 1134, 1137 (2d Cir. 1987) (bankruptcy courts have jurisdiction to enter default judgments in core proceedings).

Rule 55(b)(2) bestows a gatekeeping function on federal courts to ensure that a default judgment is warranted. "[A]lthough the entry of a default results in all well-pleaded factual allegations in the complaint being accepted as true, the Court must nevertheless determine whether the complaint states a claim upon which relief may be granted" before issuing a default judgment. *Scottsdale Ins. Co. v. Priscilla Properties, LLC*, 254 F. Supp. 3d 476, 484 (E.D.N.Y. 2017) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65–66 (2d Cir. 1981)). In general,

"a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

After review of the Complaint, the Court finds that it fails to set forth a cause of action upon which relief may be granted because it lacks meaningful particularity on the material facts supporting the relief requested. The Complaint alleges that the loans were in default prior to bankruptcy and that there is no ability to cure the default, Compl. ¶¶ 11, 15, but otherwise consists of conclusory allegations that tell nothing of the details of the student loans or the Debtor's circumstances that might support a claim of undue hardship. The Court is without a sense of the Debtor's background, education, profession, age, health, prospects, or feasible alternatives and is without any evidence of the updated loan balances and their account numbers or the current loan servicing entity, which may or may not be Discover. The Debtor's affidavit (ECF No. 24, the "Affidavit"), which states that his income cannot support the loan, does not contain further facts that would satisfy this Court.[2]

---

[2] Attached to the Affidavit is a summons and complaint from an action commenced by Discover again the Debtor to collect an outstanding debt related to private student loans in the total amount of $127,910.26. (*See* ECF No. 24). In that complaint, Discover cites the loan number but redacts all but the last four digits. It also appears that Discover has not returned the complaint to court yet, as no docket exists on Connecticut's public judicial website (jud.ct.gov). The complaint bears a return date of August 10, 2021.

4

The Debtor has also not referenced, in his Complaint or Affidavit, any promissory notes, loan applications, billing statements, or default notices from the lender that would confirm the Complaint's allegations, leaving the Court with virtually no probative information about the existence of these student loans. Discover never filed a proof of claim with supporting documents or otherwise appeared in the Debtor's main bankruptcy case related to any student loans. Although the Debtor served his Complaint on Discover, the Court cannot reliably determine whether the Debtor has served the correct defendant. The Court cannot responsibly enter a default judgment without a substantive understanding and record of the nature of the loans, the identity of the current lender or servicer, or the facts and circumstances of the Debtor's claimed hardship.

Accordingly, the Court declines to enter a default judgment at this stage.[3] The Court will set an evidentiary hearing to further consider disposition of this Adversary Proceeding after the Debtor amends his Complaint to include more than conclusory allegations. Accordingly, it is hereby

---

[3] The Court is mindful of the recent guidance released by the Department of Justice and Department of Education on November 14, 2022 regarding their new, flexible process for handling cases in which individuals seek to discharge their federal student loans in bankruptcy, although that guidance does not apply to state or federal courts. Department of Justice, Office of Public Affairs, News, Press Release No. 22-1231, *Justice Dept. and Dept. of Education Announce a Fairer and More Accessible Bankruptcy Discharge Process for Student Loan Borrowers*, https://www.justice.gov/opa/pr/justice-department-and-department-education-announce-fairer-and-more-accessible-bankruptcy. The loans in this case, however, appear to be private student loans, although the Debtor has not yet satisfied the Court on this issue. The Second Circuit has already concluded that private, direct-to-consumer student loans that a Chapter 7 debtor received while attending college did not qualify for an exclusion from discharge under Section 523(a)(8)(A)(ii) of the Bankruptcy Code because the loans did not constitute an obligation to repay funds received as an "educational benefit" under that Section. *See Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595, 601 (2d Cir. 2021). Further, Section 523(a)(8)(B) of the Bankruptcy Code plainly excludes private student loans from discharge if they are considered "qualified education loan[s]," as described under Internal Revenue Code § 221(d)(1), but the test for making that determination is fact-intensive and often results in a finding that private student loans are not excluded from discharge. *See In re Homaidan*, 646 B.R. 550, 589 (Bankr. E.D.N.Y. 2022). Thus, a finding of undue hardship under the Second Circuit's *Brunner* test remains one of the only avenues for seeking discharge of private student loans in bankruptcy. *See Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

**ORDERED:** That the Debtor shall amend his Complaint and serve it on Discover within twenty one (21) days of the date of this Order; and it is further

**ORDERED:** That, if Discover fails to appear or respond to the Debtor's Amended Complaint within fourteen (14) days after service, the Debtor may re-file his request for a default judgment; and it is further

**ORDERED:** That, in the event Discover defaults a second time, the Debtor shall appear in person for a hearing to present evidence that supports his claim in the form of testimony and any relevant documents.

**IT IS SO ADJUDGED, ORDERED AND DECREED** at Hartford, Connecticut this 2nd day of February 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut